CLARK (LANMON v.). See Case No. 8,071.

## Case No. 2,827.

CLARK et al. v. LAWRENCE et al.

[Brunner, Col. Cas. 637;[1] 21 Law Rep. 392.]

Circuit Court, D. Massachusetts. 1856.

OFFICERS OF CORPORATIONS—LIABILITY TO CREDITORS FOR NEGLIGENCE.

An action on the case cannot be maintained by a creditor of a corporation against the directors thereof for gross negligence in the management of its affairs, whereby its property has been wasted and its means of paying the plaintiff destroyed.

[Cited in Cleveland v. La Crosse & M. R. Co., Case No. 2,887.]

[At law. Actions by Robert A. Clark and others against Samuel S. Lawrence and others for negligence.]

H. M. Parker, for plaintiffs.
Mr. Merwin, contra.

CURTIS, Circuit Justice. The question raised by the demurrer to the declaration in this case is, whether a creditor of a corporation can maintain an action on the case at the common law in Massachusetts against the directors of the corporation, for gross negligence in the management of its affairs, whereby its property was wasted and its means of paying the plaintiffs destroyed. In Smith v. Hurd, 12 Metc. [Mass.] 371, it was decided that such an action could not be maintained by a stockholder of a banking corporation, and the same law in reference to a manufacturing corporation was laid down in Abbott v. Merriam, 8 Cush. 588. Most of the considerations upon which that decision was rested are equally applicable, and some apply with even greater force to the case of a creditor. They are:—1. That the directors are the agents of the corporation and not of the creditors, and there is no legal privity between them. That for misfeasances and nonfeasances in the execution of their agency, whereby their principals are injured, agents are responsible only to their principals: and that this rule is as applicable to corporate agents, as to agents of natural persons. 2. An injury done to the capital of a corporation is not, in contemplation of law, an injury to each of its creditors. It is true, such injury may prevent the corporation from paying its debts, in whole or in part; and a similar injury to an individual may be followed by the same consequence to his creditors. But compensation for such injuries must be sought by the party on whom they are inflicted; and actions for them cannot be maintained by every one who is so connected with the principal as to suffer consequentially and indirectly through him. 3. If one creditor may have such an action, every creditor may; and thus a vast multiplicity of suits may be brought for one wrong. 4. How can a court of law, in each of such actions, take an account of the corporate property and debts, and decide how far its liability to pay its debts has been destroyed by the acts of the directors, and apportion among the creditors the damages which the directors are liable to pay? and, if not thus apportioned, what is to be done? 5. If a creditor may have such an action, he may compound and release it; and what effect is that to have upon the claims by the corporation for the same damages? and what effect upon the rights of other creditors?

Without pursuing these inquiries, I think it clear that such an action as this cannot be maintained consistently with the principles of the common law. The demurrer must be sustained, and the declaration adjudged bad.